**SEABRELLA, LLC**, a Florida limited liability company,

   Plaintiff,

vs.

**FLAMAGGIO, LLC,** a Wyoming limited liability company; **BERENIKA MACIEJEWICZ**, an individual,

   Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff Seabrella, LLC ("**Seabrella**"), by and through its attorneys, and for its Amended Complaint against Defendants Flamaggio, LLC ("**Flamaggio**") and Berenika Maciejewicz ("**Maciejewicz**"), alleges and states as follows:

### INTRODUCTION

1. On April 25, 2018, Seabrella entered into an Asset Purchase Agreement (the "**APA**") with Defendants Flamaggio and Maciejewicz. Under the APA, Seabrella paid approximately $2 million to purchase Flamaggio's "ZenZoi" business, which sells various products on Amazon.com ("**Amazon**").

2. Seabrella concurrently entered into a Consulting Agreement with Defendants (the "**Consulting Agreement**"), which obligated Defendants to provide consulting services to Seabrella post-closing in connection with ZenZoi's Amazon-based business.

3. Seabrella relied on Defendants' explicit representations and warranties in entering into the APA and the Consulting Agreement—including Defendants' representation that they were in compliance with all third-party contracts, including Amazon's Terms and Conditions.

4. In actuality, however, several of Defendants' representations and warranties were patently false. For example, Defendants had arranged for over a thousand paid or manipulated reviews on ZenZoi's Amazon account—a serious violation of Amazon's Terms and Conditions that also significantly and artificially inflated the value of the ZenZoi business Seabrella acquired.

5. Defendants knew their representations were false, yet actively concealed the truth from Seabrella at all times during the ZenZoi sale and thereafter. Defendants continued to arrange for paid reviews (and conceal those actions from Seabrella) after closing in an attempt to keep Seabrella from discovering Defendants' scheme and terminating their highly-paid consulting role.

6. Seabrella, however, began to uncover Defendants' scheme shortly after the sale was consummated. Within weeks of the sale, Amazon suspended ZenZoi's Amazon account after Amazon discovered paid and manipulated reviews on ZenZoi's account. Amazon later permanently terminated ZenZoi's account.

7. Amazon's termination of ZenZoi's Amazon account destroyed most of ZenZoi's value. The ZenZoi business Seabrella now owns is a mere shell of the business Seabrella paid approximately $2 million for based on Defendants' knowingly false representations.

8. Defendants now seek damages from Defendants for the significant harm caused by Defendants' misrepresentations and material breaches of the APA and Consulting Agreement.

**PARTIES, JURISDICTION, AND VENUE**

9. Plaintiff Seabrella, LLC is a Florida limited liability company with its principal place of business in Tampa, Florida. Plaintiff's two members, Sergio Diaz and Bill Gay, are citizens of the State of Florida.

10. Defendant Berenika Maciejewicz is an individual citizen of the Country of Poland, who resides in Warsaw, Poland, and who transacts business in this District.

11. Defendant Flamaggio, LLC is a Wyoming limited liability company, which transacts business in this District. Upon information and belief, Maciejewicz is the 100% owner and sole member of Defendant Flamaggio.

12. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in this district.

13. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(2) because plaintiff is a citizen of a U.S. state, defendant is a citizen of a foreign state, and the matter in controversy exceeds $75,000, exclusive of interest, fees, and costs.[1]

## GENERAL ALLEGATIONS

### A. *Seabrella's Acquisition of the ZenZoi Business*

14. Prior to April 2018, Flamaggio was engaged in the business of selling products on Amazon.com ("**Amazon**") through its ZenZoi seller account and business ("**ZenZoi**").

15. Upon information and belief, Defendant Flamaggio was, and is, 100% owned and operated by Defendant Maciejewicz.

16. In or around early 2018, Defendants decided to sell its ZenZoi business and retained a sales agent based in Florida to assist them with a potential sale.

17. Defendants ultimately agreed to sell the ZenZoi business to Seabrella, a Florida-based company.

---

[1] In the event that Flamaggio has other members who are residents of other states, diversity would nonetheless be proper under 28 U.S.C. § 1332(a)(3), which involves actions between citizens of different States, where citizens of a foreign state are additional parties.

28117796.3

18. Seabrella agreed to pay $2 million for the ZenZoi business, in large part because of the strength of ZenZoi's Amazon business, which had thousands of favorable reviews and a strong sales history, which, in turn, led to prominent positioning on Amazon's website and the potential for substantial future sales.

19. On April 25, 2018, Seabrella and Defendants executed the APA, pursuant to which Flamaggio sold its ZenZoi business to Seabrella. (**Exhibit A**, APA.[2])

20. The parties concurrently executed a Consulting Agreement under which Defendants agreed to provide services related to the operation of ZenZoi's Amazon business. (**Exhibit B**, Consulting Agreement.)

21. Defendants' compensation under the Consulting Agreement was tied in part to the revenue that ZenZoi's Amazon business generated.

### B. *Defendants' Representations and Warranties*

22. Seabrella entered into the APA and the Consulting Agreement based on the express representations and warranties in the APA and the Consulting Agreement, including that Defendants were in good standing with Amazon.

23. For example, under the APA, Defendants represented and warranted that:

> The Company has delivered to Buyer a complete copy of each written contract listed in Schedule 4.12(a) (as amended to date) . . . . With respect to each such Contract . . . the Company is not, and to the knowledge of the Sellers, no other party is in material breach or default . . . .

(APA § 4.12(b).)

24. Schedule 4.12(a) of the APA lists the various "Contracts and Commitments" that Defendants represented and warranted that they were in compliance with, including with "Amazon

---

[2] The Schedules to the APA are not attached to the Amended Complaint.

28117796.3

US - https://sellercentral.amazon.com/gp/homepage.html" (hereinafter, the "**Amazon Terms and Conditions**").

25. Amazon's Terms and Conditions, in turn, prohibit "[a]ny attempt to manipulate ratings, feedback, or reviews" by a seller on the Amazon website, including:

> **Ratings and feedback:** The rating and feedback features allow buyers to evaluate the overall performance of a seller, which helps sellers to develop a reputation within the Amazon Marketplace. . . . . You may request feedback from a buyer, however you may not pay or offer any incentive to a buyer for either providing or removing feedback.
>
> **Reviews:** Reviews are important to the Amazon Marketplace, providing a forum for feedback about product and service details and reviewers' experiences with products and services - positive or negative. To ensure that reviews remain helpful, sellers must comply with our Community Guidelines. For example, you may not offer compensation for a review, and you may not review your own products or your competitors' products. You may ask buyers to write a review in a neutral manner, but you may not ask for positive reviews, ask for reviews only from buyers who had a positive experience, or ask a reviewer to change or remove their review. . . .

26. The Consulting Agreement also contained numerous representations and warranties, including that "[Defendants] shall carry out the Services in a manner consistent with the ethical and professional standards of the Company . . . ." (Consulting Agreement § 2.2.)

27. The representations and warranties in the APA and Consulting Agreement carried particular importance for Seabrella because the value of the ZenZoi business was based on ZenZoi's ability to sell products on Amazon's website and to secure prominent positioning of those products on Amazon's website due to ZenZoi's favorable reviews and sales history.

28. If, contrary to Defendants' express representations and warranties, ZenZoi was in breach of Amazon's Terms and Conditions, ZenZoi risked the suspension—or termination—of its right to sell products on Amazon's website.

28117796.3

29. After Seabrella closed on its acquisition of the ZenZoi business, Seabrella discovered that many of Defendants' representations and warranties were blatant falsehoods.

30. As a result, the ZenZoi business was a mere shell of what Seabrella had bargained for in the APA and paid millions of dollars for.

    *C.*    *After the Sale, Amazon Identifies Paid Reviews on ZenZoi's Amazon Account*

31. Shortly after it acquired the ZenZoi business, Seabrella began to uncover the truth about the business and Defendants' fraud and other misconduct.

32. On May 8, 2018, Seabrella received an e-mail from Amazon suspending ZenZoi's account due to the presence of "manipulated product reviews" on the Amazon site for ZenZoi's products.

33. As discussed above, Amazon's Terms and Conditions prohibit sellers from manipulating ratings, feedback, or Customer Reviews, including by paying for so-called "paid reviews" of a seller's products.

34. Amazon's May 8, 2018 e-mail, and subsequent e-mails on May 17, 2018 and May 23, 2018, provided Seabrella with an opportunity to respond to the suspension by providing information related to the manipulated reviews and a plan for addressing manipulated reviews going forward. Amazon would then consider re-activating the ZenZoi account depending on Seabrella's response and the amount of manipulated reviews.

    *D.*    *Defendants Lie About their Responsibility for the Paid Reviews*

35. In response to Amazon's suspension and request for information, Seabrella contacted Maciejewicz and requested her assistance. Maciejewicz denied any knowledge of the manipulated reviews and downplayed the significance of the Amazon suspension.

36. For example, on May 24, 2018, Seabrella's principal, Sergio Diaz, forwarded Amazon's May 23, 2018 e-mail to Maciejewicz with the message: "This is the answer we got. Any clue or advice? Hard to appeal something we don't know anything about . . . . Thoughts?"

37. Maciejewicz responded by e-mail, falsely denying any responsibility and blaming third parties. Specifically, she wrote:

   a. "I repeat (to you) that we're 100% innocent - proof: everything that has been done on ZenZoi account I have done on Virginic account. Including ZonMaster post-purchase sequence – it's identical";

   b. Amazon's accusations and resulting suspension are "total crap" and a "glitch";

   c. "[I]f you have done literally nothing weird or rebellious during first 2 weeks of overtaking (which you didn't . . .) – then this freeze for reviews is 100% random"; and

   d. Advising Seabrella that "[r]epeating [to Amazon] that we're innocent is useless with [Amazon] since it sounds like 1 – they are copy-pasting the same thing to hundreds of sellers if not thousands and they won't reveal what is exactly what they are thinking we did" and "2 – looks like they are fishing for some type of review groups . . . to help their own team clean up the system – which is good for us all at the end as this will eliminate bad players, lots of chinese [sic] ones in fact as they do black hat."

### E. *Seabrella Uncovers Defendants' Responsibility for the Paid Reviews*

38. Despite Defendants' misrepresentations, Seabrella eventually uncovered the truth about Defendants' misconduct.

39. To do so, Seabrella hired a third-party expert to analyze ZenZoi's Amazon reviews and collect the information about those reviews that was requested by Amazon.

40. After conducting its own investigation, Seabrella's third-party expert made a shocking discovery—there were more than 1,600 paid or manipulated reviews on ZenZoi's Amazon account.

28117796.3

41. Of those 1,600 reviews, over 1,000 of them pre-dated the closing of the ZenZoi sale. Those reviews were not disclosed by Defendants at any time. Instead, they were concealed from Seabrella during and after the execution of the APA and the sale.

42. Moreover, numerous paid reviews post-dated the closing, when Seabrella was paying Defendants under the Consulting Agreement for consulting services related to ZenZoi's Amazon business.

43. Seabrella's expert also uncovered damning evidence connecting Defendants to the paid reviews on ZenZoi's Amazon account. The expert found numerous examples of reviewers who posted paid or manipulated reviews on ZenZoi's Amazon account and on Maciejewicz's other, unrelated Amazon account: Virginic.

44. The presence of numerous paid and manipulated reviews by the same reviewers on two different Amazon accounts both managed by Maciejewicz can only be explained by Defendants' role in arranging for the paid reviews on both accounts.

45. Defendants' motivation for their paid review scheme was simple: by arranging for manipulated and paid reviews on ZenZoi's Amazon account, Defendants increased ZenZoi's prominence on Amazon's website and, in turn, artificially increased ZenZoi's sales. Defendants were therefore able to sell the ZenZoi business to Seabrella for an artificially inflated price and obtain additional fees for their consulting services post-closing.

### F. *Amazon Permanently Terminates ZenZoi's Amazon Account*

46. On May 31, 2018, ZenZoi provided its response to Amazon's request for additional information.

47. Despite ZenZoi's best efforts to address to Amazon's concerns about past misconduct, those attempts were unsuccessful given the enormous number of past paid and manipulated reviews.

8
28117796.3

48. As a result, on June 23, 2018, Amazon permanently suspended ZenZoi's account. Amazon informed Seabrella that ZenZoi's reviews would be removed and that ZenZoi could no longer sell products on Amazon.

49. Despite Defendants' knowledge of the paid and manipulated reviews and the serious potential consequences of breaching Amazon's Terms and Conditions, Defendants never advised Seabrella of this dire threat to ZenZoi's business.

50. Instead, Maciejewicz continued to actively misrepresent that she and Flamaggio were not responsible for any paid or manipulated reviews on ZenZoi's Amazon account.

51. Had information about Defendants' fraudulent misrepresentations and breaches of representations and warranties not been hidden from Seabrella, Seabrella would either not have done the transaction at all, or would have dramatically reduced its purchase price to account for the substantially diminished value of the ZenZoi business.

52. On information and belief, Defendants knew that the representations and warranties in the APA and Consulting Agreement were untrue and fraudulently made and failed to disclose their misrepresentations to Seabrella prior to and after closing.

53. Defendant made these misrepresentations with the intent that Seabrella would rely on them and to artificially increase both the purchase price of the ZenZoi business and Defendants' compensation under the Consulting Agreement.

54. As a result, Seabrella has been forced to spend substantial sums investigating and attempting to rectify the damage caused by Defendants' misrepresentations and breaches of the APA and Consulting Agreement.

55. No action Seabrella can take, however, can restore the permanent lost value of the ZenZoi business due to ZenZoi's permanent suspension from the Amazon site.

28117796.3

### G. *Seabrella Terminates the Consulting Agreement for Cause*

56. As discussed above, while Defendants were being paid as consultants for ZenZoi's Amazon business under the Consulting Agreement, Defendants continued to breach their obligations to Seabrella.

57. Defendants failed to perform their duties, breached the Consulting Agreement, and actively concealed and misrepresented their misconduct to Seabrella.

58. The Consulting Agreement required Defendants to, among other things, perform the Services "consistent with the ethical and professional standards of [Seabrella]."

59. Yet, Defendants improperly obtained paid and manipulated reviews for the ZenZoi Amazon account in direct violation of Amazon's Terms and Conditions and then lied about those efforts to Seabrella.

60. As a result, Seabrella terminated the Consulting Agreement for "Cause" under Section 8.2 of the Consulting Agreement by letter dated June 8, 2018.

### H. *Defendants Refuse to Indemnify Seabrella Despite Their Obligation To Do So*

61. Because of Defendants' numerous breaches of the APA and Consulting Agreement, and their wrongful and fraudulent conduct, Seabrella is entitled to indemnification from both Defendants.

62. Under Section 6.2 of the APA, Defendants are jointly and severally responsible for indemnifying Seabrella for any damages, including attorneys' fees and costs, caused by any breach of the Representations and Warranties in the APA or in any agreement contemplated by the APA, which includes the Consulting Agreement:

> [Maciejewicz and Flamaggio] jointly and severally, shall indemnify, defend and hold harmless [Seabrella] . . . from and against any and all loss, Liability, deficiency, damage, diminution in value or expense (including reasonable legal expenses and costs and including interest and penalties) . . . arising out of, relating to or resulting from (i) any breach . . . of a representation or warranty of

the Sellers, contained in this Agreement or in any other agreement contemplated herein . . . .

(APA § 6.2.)

63. Section 8.12 of the APA also entitles the prevailing party in any dispute arising under the APA to recover its reasonable attorneys' fees and costs.

64. The Consulting Agreement separately obligates Defendants to indemnify Seabrella:

> Each Consultant Party [*i.e.*, Flammagio and Maciejewicz] shall indemnify and hold harmless [Seabrella] . . . from any and all liabilities, deficiencies, costs, and other expenses (including, but not limited to, damages, attorney fees, and court costs) incurred by any of the Indemnified Parties [*e.g.*, Seabrella] as a result of any claim, action, suit, investigation, audit, demand, assessment, fine, judgment, or proceeding made or brought against any of the Indemnified Parties based upon (i) any allegation of facts that if they were true would mean that such Consultant Party violated the representations and warranties or covenants contained in this Agreement . . . .

(Consulting Agreement ¶ 6.4.)

65. On or about June 8, 2018, Seabrella sent a written indemnification claim notice letter to Defendants, demanding that they indemnify Seabrella for their breaches of the Representations and Warranties in the APA and the Consulting Agreement and other fraudulent and wrongful conduct described herein.

66. Defendants failed to take any curative action in response to Seabrella's Indemnification Claim Notice within the thirty (30) days prescribed under the APA.

67. Instead, by e-mail dated June 24, 2017, Defendants continue to deny that they breached the APA or Consulting Agreement or that they are legally responsible for Seabrella's damages.

68. Moreover, by letters dated June 24, 2017, Defendants reiterated their position that they did not breach the agreements and are not responsible for indemnifying Seabrella.

11

69. Accordingly, Seabrella is entitled to be indemnified for the damages it has suffered on account of Defendants' wrongful conduct and material breaches of the APA and Consulting Agreement, as described herein, including for its attorneys' fees and costs.

### COUNT I—BREACH OF ASSET PURCHASE AGREEMENT
(By Seabrella against Defendants)

70. Seabrella incorporates by reference the allegations set forth in paragraphs 1 through 69 above.

71. Seabrella and Defendants were parties to the APA.

72. Seabrella at all times performed its contractual obligations under the APA.

73. Defendants breached the APA in numerous ways as set forth in detail above, including by breaching their express representations and warranties.

74. Defendants' breach of contract has proximately caused Seabrella damages in an amount to be determined at trial.

WHEREFORE, Seabrella respectfully requests that this Court enter judgment in its favor and against Defendants on Count I and award Seabrella monetary damages in the full amount to which it is entitled, plus attorneys' fees under Sections 6.2 and 8.12 of the APA, pre-judgment and post-judgment interest, and costs.

### COUNT II—BREACH OF CONSULTING AGREEMENT
(By Seabrella against Defendants)

75. Seabrella incorporates by reference the allegations set forth in paragraphs 1 through 69 above.

76. Seabrella and Defendants were parties to the Consulting Agreement.

77. Seabrella at all times performed its contractual obligations under the Consulting Agreement.

28117796.3

78. Defendants breached the Consulting Agreement in numerous ways as set forth in detail above, including by breaching their express representations and warranties and failing to provide the agreed-upon contracting services.

79. Defendants' breach of contract has proximately caused Seabrella damages in an amount to be determined at trial.

WHEREFORE, Seabrella respectfully requests that this Court enter judgment in its favor and against Defendants on Count II and award Seabrella monetary damages in the full amount to which it is entitled, plus pre-judgment and post-judgment interest and costs.

### COUNT III—COMMON LAW FRAUD / FRAUD IN THE INDUCEMENT
**(By Plaintiff against Defendants)**

80. Seabrella incorporates by reference the allegations set forth in paragraphs 1 through 69 above.

81. As detailed above, Defendants made numerous misrepresentations to Seabrella including, without limitation, that: (1) Defendants were in compliance with Amazon's Terms and Conditions; and (2) that Defendants were not responsible for any paid or manipulated reviews on ZenZoi's Amazon account.

82. Defendants also knew that the Representations and Warranties in the APA and the Consulting Agreement were untrue and fraudulently made.

83. Defendants' misrepresentations were false when they were made, and Defendants knew that their statements were false or made those statements recklessly, without any knowledge of their truth and as a positive assertion.

84. Defendants made these misrepresentations with the intent that Seabrella would rely on them. Seabrella did, in fact, rely on these misrepresentations when entering into the APA, entering into the Consulting Agreement, continuing to engage Defendants under the Consulting Agreement, and taking other actions, including in its response to Amazon's investigation.

13

85. As a direct and proximate result of Defendants' misrepresentations and fraudulent concealment, Seabrella has suffered substantial damages in an amount to be determined at trial.

WHEREFORE, Seabrella respectfully requests that this Court enter judgment in its favor and against Defendants on Count III and award Seabrella monetary damages in the full amount to which it is entitled, plus pre-judgment and post-judgment interest and costs.

### COUNT IV—FRAUD AND SILENT FRAUD
(By Plaintiff against Defendants)

86. Seabrella incorporates by reference the allegations set forth in paragraphs 1 through 69 above.

87. Defendant Maciejewicz had actual knowledge of the material facts set forth above, yet she failed to disclose said facts to Seabrella and affirmatively misrepresented those facts.

88. Defendant Maciejewicz intended that her misrepresentations and failure to disclose material facts would create a false impression for Seabrella, and that failure did in fact create a false impression for Seabrella.

89. Defendant intended that Seabrella would rely on her misrepresentation and non-disclosure of these material facts when entering into the APA and Consulting Agreement, when deciding to remain bound by, and not immediately terminate the Consulting Agreement, and when responding to Amazon's investigation.

90. Seabrella did so rely on Defendants' misrepresentations and non-disclosure of these material facts when entering into the APA, Employment Agreement, and taking actions thereunder, including not immediately terminating the Consulting Agreement.

91. As a direct and proximate result of Defendants' misrepresentations and non-disclosure of material facts, Seabrealla has suffered substantial damages in an amount to be determined at trial.

WHEREFORE, Seabrella respectfully requests that this Court enter judgment in its favor

28117796.3

and against Defendants on Count IV and award Seabrella monetary damages in the full amount to which it is entitled, plus pre-judgment and post-judgment interest and costs.

### COUNT V—INDEMNIFICATION
**(By Seabrella against Defendants)**

92. Seabrella incorporates by reference the allegations set forth in paragraphs 1 through 69 above.

93. Seabrella entered into the APA and Consulting Agreement with Defendants.

94. At all times, Seabrella performed its obligations under the APA and the Consulting Agreement.

95. As detailed above, Defendants have breached the terms of the APA and Consulting Agreement in several ways, including, without limitation, breaching numerous of their express Representations and Warranties made under the APA and Consulting Agreement, failing to provide the contracted-for services under the Consulting Agreement, and committing other fraudulent or wrongful acts.

96. As a result of their wrongful conduct detailed herein, Defendants are jointly and severally obligated to indemnify Seabrella under Section 6.2 of the APA and Section 6.4 of the Consulting Agreement.

97. Defendants have refused or otherwise failed to indemnify Seabrella for Defendants' numerous breaches of their express Representations and Warranties under the APA and Consulting Agreement, as well as their other fraudulent and wrongful conduct.

98. As a direct and proximate result of Defendants' numerous breaches of the APA and Consulting Agreement, and their refusal to indemnify Seabrella, Seabrella has been damaged in an amount to be proven at trial.

**WHEREFORE**, Seabrella respectfully requests that this Court enter judgment in its favor and against Defendants and award Seabrella monetary damages in the full amount to which it is

15
28117796.3

entitled, plus attorneys' fees under Sections 6.2 and 8.12 of the APA, pre-judgment and post-judgment interest, and costs. Seabrella further respectfully requests that this Court grant any such other and further relief as is just and appropriate.

Dated: July 16, 2018

/s/ Ronald D. Edwards, Jr.
Ronald D. Edwards, Jr.
Florida Bar No. 0053233
Adam R. Lewis
Florida Bar No. 117376
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
215 North Eola Drive
Post Office Box 2809 (32802)
Orlando, Florida 32801
ronald.edwards@lowndes-law.com
adam.lewis@lowndes-law.com
lit.control@lowndes-law.com
tracy.kennison@lowndes-law.com
susie.whitaker@lowndes-law.com
Co-Counsel for Plaintiff

and

Matthew G. Mrkonic (*to be admitted pro hac vice*)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: 313-465-7614
Facsimile: 313-465-7615
mmrkonic@honigman.com
Co-Counsel for Plaintiff

0908008\180960\8250361.v2

16

28117796.3